**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **STEVEN RICHARD WATSON, JR.,** § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:09-CV-025-A |
| **RICK THALER, Director,** § | (Consolidated with No. 4:09-cv-192-A) |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Steven Richard Watson Jr., TDCJ-ID #1369666, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Gatesville, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. FACTUAL AND PROCEDURAL HISTORY**

Watson was charged by separate indictment in state court with two instances of aggravated

sexual assault of a child younger than fourteen years of age by oral-genital contact and one instance of aggravated sexual assault of a child by genital-anal penetration. (03State Habeas R. at 36; 04State Habeas R. at 45)  A jury found Watson guilty on all three counts, and the trial court assessed his punishment at 70 years' confinement on each count. (03State Habeas R. at 47; 04State Habeas R. at 46)  Watson challenged his convictions on direct appeal and by way of state postconviction habeas review, to no avail. *Watson v. Texas*, Nos. 10-06-188 & -189-CR, slip op. (Tex. App.–Waco Aug. 15, 2007); *Watson v. Texas*, PDR Nos. 1282-07 & 1283-07; *Ex parte Watson*, Application Nos. WR-69,682-03 & -04, at cover (referred to herein as "03State Habeas R." and "04State Habeas R." respectively).  This federal petition for writ of habeas corpus followed.

At trial, Watauga Police Officer Jason Reddick testified that he was dispatched to Angie Smith's residence in Watauga, Texas, on June 9, 2004, regarding a neighborhood disturbance involving Greg Hayt and J.T., her nine-year-old son. J.T. told the officer about having been sexually assaulted by Watson a few days earlier in a vacant house. (RR, vol. 4, at 11-32)  Reddick notified his supervising officer Samuel Nance and briefed Nance on J.T.'s allegations.  Nance testified that drug activity was high in the neighborhood where Smith lived and that he was acquainted with Hayt, Hayt's brother Mark Hayt, and Watson, Mark Hayt's boyfriend.  After talking with J.T., he learned that Mark Hayt and Watson lived together out of state and were planning on leaving the state. Nance went to Hayt's residence to obtain information on Watson but was called away regarding an emergency matter.  When he returned to Hayt's residence, no one answered the door, and Mark Hayt's and Watson's car was gone. (RR, vol. 5, at 21-35)  Detective Dennis Riley, who had taken over the investigation, was briefed about J.T.'s allegations by Reddick and also interviewed J.T. in Reddick's presence.  Reddick testified that during that interview, additional details of the assault

2

came to light. Reddick recalled J.T. telling them that Watson had also forced J.T. to touch Watson's penis and perform oral sex on him. (RR, vol. 5, at 8-20)

A sexual assault examination revealed no trauma to J.T.'s genitals, however J.T. reported to the sexual assault nurse examiner that Watson touched his penis and made him touch Watson's penis, that Watson performed oral sex on him and made him perform oral sex on Watson, that Watson penetrated his anus digitally and with his penis, and that Watson ejaculated. (RR, vol. 5, at 71-86)  J.T., who was ten years old at the time of trial, testified that Watson lured him into the vacant house, put him in a bathtub, removed his shirt, pulled his pants and underwear down, laid him on his stomach, and orally and anally sexually assaulted him. At trial, J.T. did not recall any sexual activity involving Watson touching his penis or involving oral sex. (RR, vol. 4 at 34-102)

### D. ISSUES

Watson states the following claims for habeas relief:

(1) Ineffective assistance of counsel by failing to employ a licensed expert psychologist to assist in cross-examining J.T. was not sound trial strategy;

(2) The defense was prevented from fully cross-examining Reddick;

(3) The state was allowed to call multiple witnesses to relate to the jury statements on the same issue; and

(4) There was no evidence or factually insufficient evidence to support his convictions. (Petition at 7-8)

### E. RULE 5 STATEMENT

Quarterman believes that Watson has sufficiently exhausted his state remedies with regard to the claims presented as required by 28 U.S.C. § 2254(b)(1). (Resp't Answer at 3)

## F. DISCUSSION

### LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

4

Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion it is an adjudication on the merits, which is entitled to the presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

*1. Ineffective Assistance of Counsel*

Watson claims his trial counsel was ineffective by failing to employ an expert licensed psychologist to assist in cross-examining J.T., whose testimony contained certain inconsistencies, to determine whether J.T. showed signs of deceit, and/or to testify for the defense.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Watson's ineffective assistance claim was reviewed on the merits under the *Strickland* standard and denied by the state courts. Under such circumstances, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence before the court. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Pondexter v.*

*Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002). Under this standard, the state court's application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

The state habeas judge, who also presided over Watson's trial, held a hearing by affidavit. Noting that Watson had presented no proof, in the nature of affidavits or statements from a licensed psychologist regarding what testimony might have been testified to or how it would have been helpful, the state habeas court entered fact findings refuting Watson's assertions. The court concluded that Watson received effective assistance of counsel and that Watson had failed to show the testimony of a psychologist could have benefitted his defense, by resulting in an acquittal or a lesser sentence, and recommended denial of the habeas application. (03State Habeas R. at 31-32, 35; 04State Habeas R. at 35) In accordance with that recommendation, the Texas Court of Criminal Appeals denied relief based upon the trial court's findings.

Watson presents no evidence, then or now, in support of his claim, makes no specific reference to the state court findings, and makes no effort to rebut the presumptive correctness of the findings. Applying the presumption of correctness, the state courts' application of *Strickland* was neither erroneous nor objectively unreasonable. Strategic decisions by counsel after thorough investigation of the law and facts relevant to the plausible options are virtually unchallengeable and generally do not provide a basis for habeas corpus relief on the grounds of ineffective assistance of counsel. *See Strickland,* 460 U.S. at 689.

### 2. *Cross-Examination of Officer Reddick*

Watson claims he was prevented from fully cross-examining Reddick, to whom J.T. made his initial outcry. In state court and now, Watson wholly fails to cite to the record where he was not

allowed to fully cross-examine the officer. (03State Habeas R. at 32; 04State Habeas R. at 32) The state habeas court found that Watson had presented no evidence to support his claim and concluded that Watson had not been denied the right to fully cross-examine the officer. (03State Habeas R. at 33, 35; 04State Habeas R. at 33, 35)

Watson has failed to rebut the factual findings of the state habeas court, which are supported by the record. Nor has he demonstrated that the state court's decision is contrary to, or involves an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented in the state court. Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his petition, unsubstantiated by the record, to be of probative evidentiary value. *See Ross v. Estelle,* 694 F.2d 1008, 1011-12 (5th Cir. 1983).

### *3. Outcry Testimony*

Watson claims he did not receive a fair trial because the state was allowed to elicit outcry testimony from Officers Reddick, Nance, and Riley. An alleged error by a state court in applying the state's evidentiary rules fails to present a cognizable basis for federal habeas corpus relief absent a showing that the error, if any, was so extreme as to constitute a denial of fundamental fairness. *See Little v. Johnson,* 162 F.3d 855, 862 (5th Cir. 1998). Watson has not demonstrated the outcry testimony resulted in the denial of a fair trial.

### *4. Sufficiency of the Evidence*

Watson claims there was no evidence or factually insufficient evidence to support his convictions. He concedes the evidence might be legally sufficient to support his convictions but asserts the evidence is factually insufficient given that the officers' testimony was contradictory as

7

to what actually transpired, there was no physical evidence of sexual assault, and there was no corroborating testimony or evidence. A factual sufficiency review of the evidence is a state law issue and is not cognizable on habeas review. *See Woods v. Cockrell,* 307 F.3d 353, 357-58 (5th Cir. 2002).

## 5. *Evidentiary Hearing*

Watson requests an evidentiary hearing for purposes of further developing the record in support of his claims. *See* 28 U.S.C. § 2254(e)(2). Section 2254(e)(2) provides:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> > (A) the claim relies on–
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Watson has not met the statutory criteria. The case can be decided on the record, and the interests of justice do not require a hearing. Further development of the record is not necessary in order to assess the claims.

## II.  RECOMMENDATION

Watson's petition for writ of habeas corpus should be denied.

8

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 25, 2009. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 25, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

9

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 4, 2009.

       /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE